As there exists genuine issues of material fact as to whether the plaintiff had constructive knowledge that the precise location of the sewer was outside the boundaries of the easement, the defendant is not entitled to judgment as a matter of law on its statute of limitations defense as the action was brought less than three years from the date of actual discovery of harm.

e. <u>Genuine Issues of Fact Exist Regarding Whether Construction of the Sanitary Sewer Line Near the Proper Easement Area Constitutes the Kind of Open and Visible Occupation to Enable the Town of Acquire Rights in the Property by Prescriptive Easement</u>

The defendant contends that its continued use of the sewer outside of the easement boundaries has established its right to the property through a theory of prescriptive easement. Before a use may develop into a prescriptive easement, it must be: (1) open and visible; (2) continuous and uninterrupted for 15 years; and (3) engaged in under a claim of right. *Hoffman Fuel Co. of Danbury v. Elliott*, 68 Conn. App. 272, 277 (2002). The defendant's claim of the creation of a prescriptive easement as a matter of law must fail because a genuine issue of material fact exists as to whether the defendant's use of the property was open and visible sufficient to give the plaintiff an opportunity to assert its right to the property.

The purpose of the open and visible requirement for establishing a prescriptive easement is to give the owner of the servient land knowledge and full opportunity to assert his own rights. *City of Waterbury v. Town of Washington*, 260 Conn. 506, 577 (2002). To satisfy the open and visible requirement for establishing a prescriptive easement, the adverse use must be made in such a way that a reasonably diligent owner would learn of its existence, nature, and extent. *Id.* "It is for the party who seeks to establish an easement by user to exercise his claimed right so openly as to give the

- 16 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

owner knowledge and full opportunity to assert his own rights." *Exley v. Gallavin*, 96 Conn. 676, 679 (1921). Thus, in the absence of actual knowledge of the adverse use by the true owner of the property, the court must be presented with factual evidence sufficient to impute knowledge to the true owner.

An analysis of cases where the parties have attempted to establish the existence of prescriptive easements by use of underground pipes or sewers reveals that only where clear aboveground physical evidence is presented that puts the owner on notice that the location of the underground use is outside of the proper boundary will knowledge be imputed to the owner. In *Exley*, the court reasoned that where there was no opening leading directly to and from the sewer to the premises sufficient to indicate the existence of the sewer, the owner was under no legal duty to investigate to determine the fact of a concealed user. *Exley*, 96 Conn. at 679. Conversely, in *Alderman v. City of New Haven*, 81 Conn. 137, 139-140 (1908), the court found that the aboveground visible indications of the location and existence of a sewer pipe were so apparent that any person making an inspection of the premises that an ordinarily prudent person would make would be immediately aware of the adverse use.

In the instant case, the only aboveground physical conditions evidencing the location of the sewer outside the boundaries of the easement is a manhole cover connecting to the sewer and located between 10 and 30 feet from the proper location. The Town of Morris did not place monuments or survey flags to delineate the proper easement location so that an observer would realize that the constructed line was located outside of the easement area and place the owner on notice of an adverse use. Furthermore, the owners in this case had no reason to believe that the line was

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

constructed and used adversely to its rights because the Town provided the property owner with an as-built survey that erroneously certified that the sanitary sewer line was located within the proper easement area. The inaccuracies of the as-built surveys were not actually discovered until a professional survey of the land was performed during 2000 regarding planned development of the Property.

Thus, the defendant has failed to meet its duty of exercising its right to the land so openly as to impute knowledge to the plaintiff that the line was constructed outside of its property boundaries. Having presented a plan to owners that the line was located within the easement area, it should not be permitted to now claim that both it and the property owner were fully aware of the improper location of the line and the adverse nature of that use since its construction in 1987. Since the plaintiff's takings claims were filed within two years of the first time it reasonably discovered the town's adverse use of the Property, the defendant is not entitled to judgment as a matter of law as to the takings claim based upon a theory of prescriptive easement.

## V. GENUINE ISSUES OF MATERIAL FACT EXIST WITH RESPECT TO THE PLAINTIFF'S STATE CLAIMS

### a. Significant evidence demonstrates that the Town has caused and is causing unreasonable drainage to the Plaintiff's Property.

In Section 5A of its memorandum in support of its motion for summary judgment, the Town suggests that because the Plaintiff doesn't have direct evidence such as a photograph showing town officials cutting the municipal stormwater pipe, no genuine material issue of fact exists regarding those claims. The argument defies logic and well-settled principles regarding the right of a trier of fact to draw obvious inferences from proven facts. *See State v. Ford,* 230 Conn. 686, 692 (1994).

- 18 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Records of the Town of Morris reflect that manholes located near the intersection of Little Road and Bantam Road in the sanitary sewer line constructed on the easterly section of the Prairieland Property during 1986 experienced flooding. The Plaintiff's engineer discovered that unauthorized construction took place on and near the Property to cause municipal drainage running in the direction of the flooding manhole in a stormwater pipe and along the northerly shoulder of the highway to divert stormwater from reaching the manhole. Those steps included the construction with heavy machinery of a retention basin, construction of trenches, and the placement of a cut in a metal culvert pipe in the stormwater system along Little Road to cause water that would have otherwise traveled in the direction of the flooded manhole to spill out onto Prairieland Property.

The flooding of the sanitary system would result in an increase in cost to the Town which transport wastewater to a municipal wastewater treatment facility in Litchfield. By agreement, the Town pays a fee to Litchfield based on volume of wastewater. Infiltration of stormwater into the line would result in an increased cost to the Town. If the stormwater system was not repaired, either through a bona fide correction in the system or by way of the unauthorized redirection of stormwater to the Property, it would continue to flow towards the flooding manhole.

No evidence has been presented that the few landowners east of the Property on Little Road or the corner of Little Road and Bantam Lake Road experienced any stormwater flooding or would have any interest in undertaking the redirection of municipal stormwater onto the Property. Only the Town of Morris had an interest in redirecting water from the municipal highway to avoid existing and documented flooding

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

problem of the sanitary sewer line located east of these remedial measures. Based on those facts, the trier of fact certainly has the basis to conclude that the Town of Morris was responsible for the diversion of stormwater onto the Property. In fact, that may be the only justifiable conclusion under the facts of this case.

The plaintiff need not have eyewitness catching municipal officials or agents in the act of creating the diversion of stormwater to be able to prove by a preponderance of the evidence that the town caused the improper diversion. The motion for summary judgment should be denied.

      b.    <u>The Plaintiffs' Complaint Properly Alleges the Elements of Private Nuisance Under Connecticut Law</u>

The defendant's argument that the plaintiff's complaint fails to allege the essential elements of nuisance must fail as the defendant has misstated the required elements of a private nuisance claim in light of the Connecticut Supreme Court's decision in *Pestey v. Cushman*, 259 Conn. 345 (2002).

The defendant contends that the plaintiff's allegations fail to satisfy two of the four elements necessary to prevail on a nuisance claim, in that there are no express allegations that the drainage had a natural tendency to create danger and inflict injury or that there is a continuous danger in existence. However, the four necessary elements that the defendant attempts to apply to the instant action are no longer the law in Connecticut. The Supreme Court in *Pestey*, a case relied on by the defendant, expressly abandoned the four-pronged test in favor of the principles set forth in the Restatement (Second) of Torts § 822 for private nuisance claims. The court in *Pestey* stated:

- 20 -

One Goodwin Square  
225 Asylum Street  
Hartford, CT 06103

HALLORAN  
& SAGE LLP

Phone (860) 522-6103  
Fax (860) 548-0006  
Juris No. 26105

> On the basis of our reexamination of our case law and upon our review of private nuisance law as described by the leading authorities we adopt the basic principles of § 822 of the Restatement (Second) of Torts and conclude that in order to recover damages in a common-law private nuisance cause of action, a plaintiff must show that the defendant's conduct was the proximate cause of an unreasonable interference with the plaintiff's use and enjoyment of his or her property.

*Pestey*, 259 Conn. at 358.

The court in *Pestey* made the decision to abandon the four-part test in private nuisance claims--which had previously been used in both private and public nuisance analysis-- based on the inherent differences between public and private nuisance claims. It explained that "showing that the condition complained of had a natural tendency to create a continuing danger, is often irrelevant to a private nuisance claim." *Id.* at 357.

Based on the standard articulated in Pestey, the defendant's claim that it is entitled to judgment as a matter of law on the plaintiff's common law nuisance claim must fail. The plaintiff expressly alleged that the Town's discharge of stormwater and siltation "is unreasonable and unlawful and constitutes a nuisance under the common law of the State of Connecticut". That allegation coupled with allegations of the facts regarding the discharge of stormwater and siltation onto the Property alleges a private nuisance claim under the notice standards of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a). The defendant's motion for summary judgment on the negligence should be denied.

    c.    <u>The Plaintiff has Alleged the Necessary Elements of Trespass not Subject to Governmental Immunity</u>.

The defendant wages a two-pronged attack on the plaintiffs claim that the unlawful acts in placing stormwater, siltation and wetlands fill on its Property is a

- 21 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

trespass. First, it claims that the complaint does not allege that these acts were intentional and, secondly, claims that the statute abrogating the doctrine of governmental immunity does not apply to intentional acts of the municipality of its agent to damage private property.

The first prong can be dispatched summarily. The complaint specifically alleges that the Town of its agents cut an opening in a culvert to cause it to drain onto the Property. Second Amended Complaint ¶ 12. It also alleges that the Town constructed modifications in the shoulder of the highway to divert drainage onto the property and they constructed on a pond on the Property to collect the water. Id. ¶¶ 13 and 14. The complaint also alleges that the Town or its agents deposited 2,500 cubic yards of spoils that include wetlands soils on the Property. Id. ¶¶ 10 and 11. Those paragraphs all allege intentional acts, not unrelated actions that by happenstance caused the diversion of water, siltation, or wetlands soils to be deposited on the Property. In *Ike's Auto Body, Inc. v. Martin*, No. CV 950068506, 1995 WL 806925, at *5 (Conn. Super. Ct., Dec. 22, 1995)(Pickett, J.), the court stated:

> The intention required to make the actor liable for trespass is an intention to enter upon the particular piece of land in question, irrespective of whether the actor knows or should know that the he is entitled to enter.

Accordingly, the complaint alleges a trespass under Connecticut law.

After suggesting that the allegations do not include intentional acts, it cites two Superior Court decisions for the proposition that municipalities enjoy immunity for their intentional acts to injure persons or property. At common law, municipal governments enjoyed general governmental immunity for their torts and torts of their agents. *Gordon v. Bridgeport Housing Authority*, 206 Conn. 161, 179 (1988). Connecticut General

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Statutes § 52-557n expressly authorizes directly against a municipal government. Specifically, that statute provides:

> except as otherwise provided by law, a political subdivision of the state shall be liable for damages to such person or property caused by (a) the negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; (b) negligence in the performance of functions from which the political subdivision drives a special corporate or pecuniary benefit; (c) acts of the political subdivision which constitute the creation or the participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to § 13a-149.

The Superior Court cases relied on by the defendant, *Sammartino v. Turn* and *Benson v. Redding*, both relied on the fact that since subparts 1 (a) and 1 (b) refer to negligent actions of the Town or its agents, governmental immunity must exist for intentional acts of the municipality. The first case involves asserted slander by a Selectman and second involved remediation of gasoline that had leaked from a tank at a municipal garage.

Subpart 1 (c) of 52-577n expressly authorizes action for negligent or intentional acts if those acts tend to cause a nuisance. Since the acts of the Town alleged in the trespass count in this case qualify as a private nuisance, General Statute § 52-577n expressly authorizes the action and abrogates any governmental immunity defense. Accordingly, Connecticut Courts have repeatedly rejected the defense of governmental immunity as a defense to intentional acts of trespass, particularly when the trespass involves the creation of nuisance. *Benson v. Redding*, Superior Court, judicial district of Danbury, Docket No. CV020344668 (White, J., February 4, 2003); *Rossicone v. Old Saybrook*, Superior Court, judicial district of New Haven, Docket No. CV000438533

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

(Booth, J., December 5, 2002); and *Giunta v. Town of Westport*, Superior Court, judicial district of Stamford, Docket No. CV980167626 (Lewis, J.T.R., May 16, 2002) (32 Conn. L. Rptr. 232).

In addition to relying on 52-577n 1 (c), Connecticut courts have recognized that no common law governmental immunity defense exists to wrongful acts of municipal that cause a trespass and result in ongoing damage to private property. For example, the Superior Court in Giunta, supra, held:

> our Supreme Court stated the following: "[s]overeign immunity does not bar suits against state officials acting in excess of their statutory authority ... In addition, the state cannot use sovereign immunity as a defense in an action for ... injunctive relief." Id., at 421. "We have excepted ... injunctive relief from the sovereign immunity doctrine on the ground that a court may fashion these remedies in such a manner as to minimize disruption of government and to afford an opportunity for voluntary compliance with the judgment." (Citations omitted; internal quotation marks omitted.) *Pamela B. v. Ment*, 244 Conn. 296, 330, 709 A.2d 1089 (1998). Although framed in terms of sovereign immunity of the state, the same reasoning applies to governmental immunity of a municipality.
>
> Furthermore, the Supreme Court noted that "[w]here ... [the activity] is such as necessarily results in a nuisance to abutting property owners, or is so obviously inadequate as necessarily to result in a direct trespass upon their property, the municipality cannot claim immunity, since such a result would constitute an appropriation of property without compensation." *Peterson v. Oxford*, 189 Conn. 740, 748, 459 A.2d 100 (1983).
> The complaint has sufficiently set forth a cause of action for trespass and governmental immunity is inapplicable. The motion to strike the fifth count is denied.

Connecticut law does no provide a immunity for the wrongful acts alleged in this case. The motion for summary on the trespass count should be denied.

    d.    <u>The Town Is Not Entitled To Judgment As A Matter Of Law With Respect To Negligence Count Against The Town.</u>

- 24 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The defendant claims that it is entitled to summary judgment on the negligence count on both statute of limitations and qualified immunity. As set forth below, that motion should be denied.

### (i) The Defendant is Not Entitled to Summary Judgment Regarding the Statute of Limitation Regarding Negligence of the Town

As with the takings claim discussed above, the defendants seek summary judgment of the plaintiffs negligence claim based on the assertion that the plaintiff knew or should have known of the injury to its real property more than two years prior to commencing its claim. For the same reasons set forth above, summary should be denied because a genuine issue of fact exists regarding whether knowledge of the injury should be imputed to the plaintiff.

The relevant portion of applicable statute of limitations, Conn. Gen. Stat. § 52-584, provides:

> No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct...shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered...

The plaintiff first discovered the injury to its property during 2000 (with respect to the sewer line location), 2001 (with respect to the diversion of municipal stormwater) and 2002 (with respect to the deposit of wetlands soils). The plaintiff asserts that because the line was constructed on the site during 1986, each of these claims is barred by the statute of limitation.

With respect to the drainage, the unauthorized acts took place sometime after 1990 when Jay Black had conducted a survey of the Property related to an earlier site

- 25 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

development plan. It is the defendant, not the plaintiff, who bears the burden of going forward with evidence to show that the statute of limitations has expired. See *Cartsounis v. Rosenstein*, 34 Conn. L. Rptr. 243 (Mar. 6, 2003)(Lewis, J.) Absent evidence that demonstrates when its officials or agents improperly diverted water onto the Property, the defendant cannot establish that it is entitled, as a matter of law, to summary judgment on a defense that more than three years elapsed between the acts and the claim by the plaintiff.

The same is true with the placement of wetlands spoils on the property. While it may be likely that such deposits occurred contemporaneous with the construction of the line during 1986, they could have been stockpiled and subsequently dumped on portions of the Property at a later date. The defendant has not carried its burden in demonstrating when the soils were deposited on the Property to enable the court to rule, as a matter of law, that more than two years passed between the occurrence and the claim by Prairieland. Summary judgment should be denied.

      (ii)    <u>The Defendant is Not Entitled to Summary Judgment Regarding Qualified or Governmental Immunity</u>

In addition to seeking summary judgment in the negligence count based on the statute of limitations, the Town suggests that it is immune from liability under the doctrine of qualified immunity. The plaintiff in this case has not asserted claims against particular municipal officials, employees or agents because it does not have knowledge of the particular persons that actually caused the damage alleged in the complaint. Therefore the plaintiff asserts direct liability claims against the Town of Morris.

At common law, municipal governments enjoyed general governmental immunity for their torts and torts of their agents. *Gordon v. Bridgeport Housing Authority*, 206

– 26 –

Conn. 161, 179 (1988). Municipal employees enjoyed no such immunity. *Id.* The doctrine of qualified immunity developed by common law to protect municipal employees engaged in discretionary public acts. *Id.* Since no claim is asserted against any particular municipal employee, the doctrine of qualified immunity does not apply in this matter. With respect to governmental immunity, Connecticut General Statute § 52-557n creates exceptions to governmental immunity applicable to the facts and claims alleged by the Plaintiff in its complaint. Connecticut General Statutes § 52-557n expressly authorizes an action for negligence, or more precisely, abrogates the governmental immunity defense otherwise applicable to a negligence action, in certain matters asserted directly against a municipal government. Specifically, that statute provides:

> except as otherwise provided by law, a political subdivision of the state shall be liable for damages to such person or property caused by (a) the negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; (b) negligence in the performance of functions from which the political subdivision drives a special corporate or pecuniary benefit; (c) acts of the political subdivision which constitute the creation or the participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to § 13a-149.

The negligence asserted against the Town of Morris qualifies under all three statutorily recognized grounds direct municipal liability. Undoubtedly, the construction of the sanitary sewer lines and resulting placement of soils and unauthorized efforts to divert water municipal stormwater from flooding the sanitary sewer system fall squarely within the provisions part 1 (a) that exempt the defense when negligent acts of the government or its agents cause damage to property. The damages alleged were all in

- 27 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

relation the Town's construction and operation of a sanitary sewer line that the Town enjoys a pecuniary benefit by imposing usage fees all persons connecting to the system under part 1 (b). Finally, with respect to the negligence regarding the discharge of water onto the Property, those actions directly relate to the imposition of a nuisance alleged in the complaint and not subject to immunity pursuant to part 1 (3).

To the extent that the defendant suggests that the plaintiff cannot rely on § 52-557n by not specifically referencing that statute in its complaint, that issue was resolved by the Connecticut Appellate Court in Spears v. Garcia, 66 Conn.App. 669, 676, (2001), aff'd, 263 Conn. 22 (2003). In Spears v. Garcia, the Appellate Court noted that the requirement of Connecticut Practice Book § 10-3(a) to reference statutes relied upon in the complaint is directory and the lack of an express reference to the Conn. Gen. Stat. § 52-577n as an exception to governmental immunity does not bar recovery as long as the defendant was placed on notice of the reliance to that statute during the proceedings which, in that case, occurred in briefs in response to a motion for summary judgment. Furthermore, when pled in federal court under notice pleading rules, "[t]he failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations are all that matters." Albert v. Carovano, 851 F.2d 561, 572 n. 3 (2d Cir. 1988).

e. The Town is Not Entitled to Summary Judgment on the Plaintiff's Quiet Title Action

The defendant, relying exclusively on its asserted right to adverse possession or prescriptive easement rights to the portions of the sanitary sewer line outside of the easement, claims that it is entitled to judgment as a matter of law on the plaintiff's claim to quiet title regarding the boundaries of the line. Since, as noted above, questions of

- 28 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

fact exist regarding whether the plaintiff was on notice of the defendant's adverse use of the Property, the defendant is not entitled to summary judgment on the quiet title count.

## VI. <u>CONCLUSION</u>

For all the foregoing reasons, the defendant's motion for summary judgment should be denied.

THE PLAINTIFF,
PRAIRIELAND, INC.

By /s/ Kenneth R. Slater, Jr.
Kenneth R. Slater, Jr.
HALLORAN & SAGE LLP
Fed. Bar #ct09451
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103

- 29 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

This is to certify that on this 14th day of June 2004, I hereby mailed a copy of the foregoing to:

Atty. Josephine A. Spinella
Silvester & Daly
72 Russ Street
Hartford, CT 06103

_____
Kenneth R. Slater, Jr.

560289.1(HSFP)

– 30 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105