# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

PRAIRIELAND, INC.,                     :        CASE NO. 3:02 CV. 147 (CFD)
                        Plaintiff      :
                                       :
VS.                                    :
                                       :
TOWN OF MORRIS,                        :
                        Defendant      :        JUNE 14, 2004

## AFFIDAVIT

I, Bruce Black, being duly sworn, depose and say:

1.      That I am more than eighteen (18) years of age and believe in the obligation of an oath.

2.      I am the secretary of the plaintiff, Prairieland, Inc. ("Prairieland"), and have served in this capacity since Prairieland's formation.

3.      I am a principal shareholder of Prairieland.

4.      On October 7, 1986, Prairieland acquired 255 Bantam Lake Road (the "Property"), the property at issue in this civil action.

5.      Prairieland acquired the Property subject to an easement in favor of the Town of Morris for the purposes of installing a sanitary sewer line across the Property and recorded in the Town of Morris land records at volume 44 and page 188 and 189.

6.      I have become personally familiar with the Property as a result of my many visits to the Property since Prairieland's acquisition in 1985.

7.      During my visits to the Property prior to 2000, I did not personally witness any evidence that the sanitary sewer line was constructed outside the boundaries of the easement granted by Depecol, nor did I have any reason to suspect that the sanitary sewer line encroached upon the Property outside of the easement area. The Town of

One Goodwin Square        HALLORAN        Phone (860) 522-6103
225 Asylum Street         & SAGE LLP       Fax (860) 548-0006
Hartford, CT 06103                        Juris No. 26105

Morris has not placed monuments or survey flags to delineate the easement area which would show that the line was actually constructed outside of the easement area. Furthermore, Prairieland was provided a survey during 1987 that incorrectly certified that the line was located within the easement area.

8.     At no time prior to 2001 did I personally witness that any alteration to the Property or damage to the Property regarding the diversion of stormwater from the municipal highway known as Little Road. Prairieland first learned of the diversion of stormwater by way of trenches near the northerly shoulder of the municipal highway known as Little Road and by way of a cut placed in a culvert pipe in the municipal stormwater system shortly after that was discovered by Prairieland's engineer, Jay Black, during April 2001.

9.     Prairieland and I did not become aware that wetland soils from the construction of sanitary sewer line were on the upland portions of the Property until 2002. That discovery was made by a consultant for the Town of Morris during consideration of an application before the Morris Conservation Commission and its demand that piles of fill on the upland portions of the Property be investigated.   Prior to that investigation, Prairieland had no reason to know that wetland soils from the sanitary sewer construction were deposited on upland portions of the Property.

Bruce Black

Subscribed and sworn to before me this 14th day of June, 2004.

Commissioner of the Superior Court
Notary Public
My Commission Expires:

My Commission Expires
April 30, 2008

560324.1(HSFP)

– 2 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

14-Jun-04  03:45P