UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PRAIRIELAND, INC. | : | CASE NO. 302CV147 (CFD) |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| TOWN OF MORRIS | : | |
|     Defendant | : | JUNE 28, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO STRIKE PLAINTIFF'S EXHIBITS**

    The Defendant, Town of Morris, hereby submits this Memorandum in Support of Motion to Strike Plaintiff's Exhibits. The Defendant argues that the court should strike certain paragraphs contained in the Affidavit of Jay Black, Exhibit 1, and certain paragraphs contained in the Affidavit of Bruce Black, Exhibit 3, because they are inadmissible. Specifically, the paragraphs are improper because they contain hearsay statements and the best evidence rule applies. The Defendants, therefore, submit that the court should grant their Motion to Strike.

**I.    FACTS**

    The Defendant submits that it filed a Motion for Summary Judgment and corresponding Memorandum of Law on April 14, 2004. In response to the Motion for Summary Judgment, the Plaintiff, Prairieland, Inc., filed an Opposition Memorandum,

dated June 14, 2004.  Attached to the Plaintiff's Opposition Memorandum is the Affidavit of Jay Black, Exhibit 1, and the Affidavit of Bruce Black, Exhibit 3.

Upon receiving the Opposition Memorandum, the Defendant filed a Reply brief.

## II.   LAW AND ARGUMENT

### A.   Standard of Review

Federal Rule of Civil Procedure 56 (e) provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Fed. R. Civ. P. 56.  "The principles of admissibility of evidence do not change on a motion for summary judgment . . . .  Accordingly, a motion to strike is appropriate if documents submitted in support of a motion for summary judgment contain inadmissible hearsay, conclusory statements, are incomplete, or have not been properly authenticated."  (Citations omitted.)  Barlow v. State, United States District Court, No. 3:00-CV-1983(EBB), 2004 WL 1170629 (May 5, 2004, *Burns, J.*).

"Unsworn statements, letters addressed to litigants, and affidavits composed of hearsay and nonexpert opinion evidence do not satisfy Rule 56(e) and must be disregarded."  Blake-McIntosh v. Cadbury Beverages, Inc., United States District Court,

No. 3:96-CV-2554 (EBB) (June 25, 1999, *Burns, J.*), 1999 WL 464529, *4 (D.Conn.1999).  Affidavits "should not contain arguments or conclusions of law." Delacroix v. Lublin Graphics, Inc., 993 F. Sup. 74, 80 (D.Conn. 1997).  Exhibits that "do not qualify as evidentiary proof in admissible form . . . will be struck from the record and will not be considered by [the] court in its ruling on summary judgment."  Id.

### B. **Paragraphs 20, 21, 22 and 23 in Plaintiff's Exhibit 1, Affidavit of Jay Black Should be Stricken**

Paragraphs 20, 21, 22 and 23 contained in the Affidavit of Jay Black should be stricken because the statements contain conclusions, nonexpert opinion and hearsay. Federal Rule of Evidence 801 (c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  F.R.E. 801 (c).  Federal Rule of Evidence 802 provides in relevant part: "Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress."  F.R.E. 802.

Paragraph 20 contains statements wherein Jay Black avers that he "reviewed records of the Town of Morris and found documented evidence that a manhole in the sanitary system located down gradient of the unauthorized stormwater diversion had been experiencing flooding."  This statement appears to contain Jay Black's

interpretation of the Town of Morris' land records.  As such it is hearsay in that it is not based on Jay Black's personal knowledge, but on his interpretation of the land record.  Moreover, this statement seeks to introduce the contents of the land record through the Affidavit of Jay Black.  Under the Best Evidence Rule, F.R.E. 1002[1], the Plaintiff should have attached to its Opposition Memorandum, a copy of the specific land record that is referred to by Jay Black.

      Additionally, paragraphs 20, 22 and 23 contain numerous statements that are conclusory in nature.  For example, in paragraph 20, Jay Black avers: "Flooding of the system would increase flows in the line which delivers wastewater to a publicly owned treatment works owned and operated by the Town of Litchfield.  The Town of Morris is obligated by contract to compensate the Town of Litchfield based on the volume of wastewater entering the system from the Town of Morris.  Rather than undertake the potentially more costly repair to the defective stormwater system along Little Road, employees or agents of the Town of Morris obviously diverted the stormwater onto the Property.  No person other than the Town of Morris would be benefited by the stormwater diversion."  Plt. Exhibit 1, ¶ 20.

---

[1] Federal Rule of Evidence 1002 provides in relevant part: "To prove the content of a writing, recording, or photographs, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress."  F.R.E. 1002.

4

These statements are not only conclusory, but they also contain nonexpert opinions. As stated previously, pursuant to Blake-MCIntosh, affidavits that contain "nonexpert opinion evidence" do not comply with Federal Rule of Civil Procedure 56 (e). See Blake-McIntosh, supra, 1999 WL 464529, *4. Jay Black has not been disclosed as an expert in this matter. As such, these statements should be stricken.

In paragraph 22, Jay Black avers that the Plaintiff retained a soil scientist to inspect the subject property. Jay Black details what the soil scientist allegedly discovered during his or her investigation. These statements are hearsay in that they are introduced for the truth of the matter asserted. Furthermore, they contain information and conclusions that are not based on Jay Black's personal knowledge but on the knowledge of the unidentified soil scientist and Jay Black's interpretation of the soil scientist's findings. Therefore, these statements should be stricken.

Similarly, in paragraph 23, Jay Black avers that the Defendant "was obligated to restore the property following construction. Wetland soils cannot be used as road fill material for the subdivision road to be constructed at the site and greatly impede the ability to develop the site." Plt. Exhibit 1, ¶ 23. This statement contains Jay Black's conclusion that the Defendant was obligated to restore the property. The affidavit does not contain any factual basis for this conclusion. Moreover, paragraph 23 contains Jay

Black's nonexpert opinion regarding wetland soils. Therefore, paragraph 23 should be stricken.

The Defendant also moves to strike paragraph 21 of Jay Black's Affidavit. Paragraph 21 references correspondence that the Plaintiff's attorney wrote to the Defendant, dated May 31, 2001 and July 10, 2001. Jay Black avers to the contents of the correspondence. Consequently, this statement is not based on Jay Black's personal knowledge. Moreover, the Best Evidence Rule dictates that the correspondence should have been introduced to support the contention that the Plaintiff put the Defendant on notice of certain injuries in 2001. Paragraph 23, therefore, should be stricken.

### C.  Paragraph 9 in Plaintiff's Exhibit 3, Affidavit of Bruce Black, Should be Stricken

The Defendant submits that paragraph 9 contained in the Affidavit of Bruce Black should be stricken. Specifically, paragraph 9 contains statements referencing an unidentified consultant for the Town of Morris. Bruce Black avers that the consultant discovered wetland soils on the property in 2002. These statements are hearsay because they are out of court statements being offered for the truth of the mater asserted. It is not based on the personal knowledge of Bruce Black and draws the conclusion that the consultant determined that wetlands spoils were put on the property

during the construction of the sanitary sewer line.  As a result, the court should strike paragraph 9 of the Affidavit of Bruce Black.

### III.  CONCLUSION

For the foregoing reasons, the Defendant, Town of Morris, submits that the court should grant its Motion to Strike.

                THE DEFENDANT,
                TOWN OF MORRIS


                By:_____
                  JOSEPHINE A. SPINELLA
                  Silvester & Daly
                  72 Russ Street
                  Hartford, CT 06103
                  Tel. (860) 278-2650
                  Federal Bar No. CT24009

## **CERTIFICATION**

I, Josephine A. Spinella, attorney for the Defendant, hereby certify that a copy of the foregoing has been mailed, postage prepaid, in the United States Mail, this 28th day of June, 2004 to:

Kenneth R. Slater, Jr., Esq.
Halloran & Sage, LLP
225 Asylum Avenue
Hartford, CT 06103

By:_____
   JOSEPHINE A. SPINELLA
   Silvester & Daly

nai-prairieland/memo.MTS affidavit.062504