UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PRAIRIELAND, INC. | : | CASE NO. 302CV147(CFD) |
|     PLAINTIFF | : | |
| | : | |
| v. | : | |
| | : | |
| TOWN OF MORRIS | : | |
|     DEFENDANT | : | JUNE 25, 2004 |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

Pursuant to Local Rule 7 (d), the Defendant, Town of Morris, hereby submits this Reply to Plaintiff's Opposition to Motion for Summary Judgment. The Defendant submits that they filed a Motion for Summary Judgment and corresponding Memorandum of Law on April 14, 2004. In response to the Motion for Summary Judgment, the Plaintiff, Prairieland, Inc., filed a Memorandum in Opposition, dated June 14, 2004.[1]

**II.   LAW AND ARGUMENT**

    **A.   The Defendant's Motion for Summary Judgment should be granted because the Plaintiff failed to comply with Local Rule 56**

---

[1] Due to the page limitations, the Defendant will only address certain arguments made by the Plaintiff in its Opposition Memorandum. As to the issues not addressed here, the Defendant relies on its arguments set forth in its Motion for Summary Judgment and Memorandum of Law in Support of said Motion.

The Defendant submits that the court should grant its Motion for Summary Judgment because the Plaintiff failed to comply with Local Rule 56. Local Rule 56 (a) provides that both parties must submit a Local Rule 56 Statement with their Motion for Summary Judgment and Opposition to Motion for Summary Judgment. The moving party must attach to its motion for summary judgment "a document entitled 'Local Rule 56(a)1,' which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried. All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Local Rule 56(a) 2." Local Rule 56 (a) (1).

The opposing party must "include a document entitled 'Local Rule 52(a)2 Statement,' which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 56 (a)1 Statement whether each of the facts asserted by the moving party is admitted or denied. The Local Rule 56(a)2 Statement must also include in a separate section entitled 'Disputed Issues of Material Fact' a list of each issue of material fact as to which it is contended there is a genuine issue to be tried." Local Rule 56 (a) (2).

Failure to comply with Local Rule 56 may result in "sanctions, including . . . when the opponent fails to comply, an order granting the motion."  Local Rule 56 (a) (3); see also Moazed v. First Union Mortgage Corporation, District Court, No. 3:02 CV 91 (EBB) (May 7, 2004, *Burns, J.*) (granting motion for summary judgment where opposing party did not comply with Local Rule 56 and failed to submit a Local Rule 56 Statement).  In accordance with Local Rule 56, the court may also deem all the facts submitted by the moving party to be admitted by the opposing party.  See Coger v. Connecticut, 309 F. Sup. 2d 274, 278 (D. Conn. 2004).

Pursuant to Local Rule 56, the Defendant filed a Local Rule 56 (a) 1 Statement with its Motion for Summary Judgment.  The Plaintiff failed, however, to submit a Local Rule 56 (a) 2 Statement.  As such, the Plaintiff failed to comply with Local Rule 56.  Therefore, the Defendant requests that the court enter judgment in its favor on the Motion for Summary Judgment.  Alternatively, the Defendant requests that the court deem all of the facts that are contained in the Defendant's statement as admitted.

**B.    The Plaintiff's argument that its taking claim is ripe fails**

In its Motion for Summary Judgment, the Defendant argues that the Plaintiff's federal takings claim is not ripe.  Specifically, the Defendant argues that the Plaintiff has not exhausted its state remedies and, therefore, under Williamson County Regional

Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 105 S. Ct. 3108, 87 L. Ed. 2d 126 (1985), the Plaintiff's federal takings claim cannot be pursued at this time.

The Plaintiff argues in its Opposition Memorandum that it can bring simultaneously both a state takings claim and a federal takings claim in federal court. See Plt. Opp. Mem., pgs. 9-16.[2]  The Plaintiff asserts that the federal court may dispose of the state claim, before it addresses the federal claim, thereby satisfying the second prong of the Williamson test.  Once the state claim is disposed of by the federal court, the federal court may properly address the federal claim because the Plaintiff would have exhausted its state remedies, making the federal claim ripe.

This matter was discussed by the Second Circuit in Santini v. Connecticut Hazardous Waste Management Service, 342 F.3d 118 (2d Cir. 2003).  In Santini, the court addressed the issue of whether a plaintiff was barred by the doctrine of collateral estoppel from bringing a federal takings claim after the state court had denied his state takings claim.  In discussing the dynamics between the state takings claim and the federal takings claim, the court stated: "Like the plaintiffs in Williamson County and Southview Associates, Santini could not have brought a Fifth Amendment takings claim in federal court until after he brought a state law inverse condemnation action in state

---

[2] The Plaintiff concedes that the statute of limitations has run on its state takings claim.  See Plt. Mem. Opp., pg. 8.

court." Id. at 126. The court further stated that "[t]he requirement of Williamson County that a property owner must pursue compensation through available state procedures, such as a state-law inverse condemnation action, before bringing a Fifth Amendment takings claim has created a Catch-22 for takings plaintiffs." Id. at 127. To resolve this "Catch-22" the court adopted the "Santini reservation" which means "that the state court's judgment on the state-law claim would not have preclusive effect in the subsequent federal action." Id. at 130. In recognizing that in Connecticut, property owners may not simultaneously pursue both state and federal takings claims; Id. at 130, n.7; the court stated that "[f]uture takings plaintiffs will still have to comply with the Williamson County requirement that they pursue available inverse condemnation actions under state law before bringing federal takings claims." Id. at 130.

The District Court has applied Santini to cases where the property owner has not satisfied the requirements under Williamson. See Warboys v. Proulx, 303 F. Sup. 2d 111, 117, n.10 (2004). The Defendant submits that under Williamson and Santini, the Plaintiff is obligated to exhaust its state takings claim in state court prior to bringing the federal takings claim in federal court. Once the Plaintiff brings its state takings claim, the Plaintiff merely has to reserve its rights, pursuant to the Santini reservation, to bring a federal takings claim in federal court. In failing to have the state court resolve the

state takings claim, the Plaintiff's federal takings claim is unripe.  As such, the Defendant submits that it is entitled to judgment in its favor on the Plaintiff's takings claims.

### C. The Plaintiff's argument that the statute of limitations has not run on the federal takings claim fails

Even if the court determines that the federal takings claim is ripe, the Defendant submits that the statute of limitations has run on the federal takings claim.  Although the Plaintiff acknowledges that the statute of limitations period has run on its state law takings claim, the Plaintiff disputes the Defendant's position that the statute of limitations period has likewise run on its federal law takings claim.[3]  The parties agree that General Statutes § 52-577 governs the statute of limitations for a takings claim.  The statute provides that the injured party has three years from the occurrence to bring a cause of action.  See General Statutes § 52-577.  This statute of limitations period does not begin to run in a § 1983 case until "the claimant knows or has reason to know of the conduct and the resulting harm."  (Citations omitted).  Halpern v. Bristol Board of Education, 52 F. Sup. 2d 324, 329 (D.Conn. 1999).

The Plaintiff argues that it did not discover that that sewer line was outside of the easement until sometime in 2000, when a survey of the land was performed.  See Plt.

---

[3] The original Complaint is dated December 28, 2001.

Opp. Mem., pg. 18. The Plaintiff also argues that prior to the survey in 2000, the Plaintiff had no reason to suspect that the sewer line was outside of the easement. As such, the Plaintiff asserts that the statute of limitations did not begin to run until 2000.

The Plaintiff relies on Exley v. Gallavin, 96 Conn. 676, 115 A. 482 (1921) for the proposition that it was not obligated to extensively investigate whether underground pipes or sewers were encroaching on its property. See Plt. Opp. Mem., pg. 15. According to the Plaintiff, under Exley, the Plaintiff did not have to take any steps to investigate the placement of the sewer line and did not reasonably know that the sewer line was outside of the easement until 2000.

Exley, however, is inapplicable to this matter. In that case, the court held that there was no prescriptive easement on the property owner's property where there was "no opening leading directly from the sewer to the surface of the premises" that would put the property owner on notice of the existence of the sewer line. Id. at 483. Moreover, since the sewer line was completely underground and there was no easement ever recorded on the land records, the property owner had "no legal duty to use reasonable diligence in discovering the fact of a concealed user which had not developed into an easement when he took possession of the premises." Id.[4]

---

[4] The Plaintiff also cites to Loughlin v. United States, 230 F. Sup. 2d 26 (D.D.C. 2002) for the proposition that the statute of limitations period does not begin to run until the property owner has actual notice of the injury. Loughlin is inapplicable to the

The Defendants submit that, unlike in Exley, the Plaintiff had constructive notice that the sewer line was outside the easement. In fact, Jay Black testified that the sewer line is not completely underground. See Def. Local Rule 56(a)(1) Statement, ¶ 14. Moreover, Jay Black also testified that he had knowledge of the sewer line before the Plaintiff purchased the property. See Def. Local Rule 56(a)(1) Statement, ¶ 12. Additionally, the Town of Morris land records indicate that an easement was granted to the Defendant on August 18, 1984. See Def. Local Rule 56(a)(1) Statement, ¶¶ 8-9. Indeed, Bruce Black testified that he had been to the property at least fifty times prior to 2000. See Def. Local Rule 56(a)(1) Statement, ¶ 11. Therefore, based on these facts which the Plaintiff has failed to dispute, the Defendant submits that sufficient facts existed to put the Plaintiff on, at least, constructive notice and that the Plaintiff had reason to know that the sewer line was outside the easement prior to 2000. As such, the statute of limitations period has run on its federal takings claim.

### D.  The Plaintiff cannot prevail on its nuisance claim

The Plaintiff asserts that a claim of nuisance is properly analyzed under the Restatement (Second) of Torts. See Plt. Opp. Mem., pg. 21. According to the Restatement, "in order to recover damages in a common-law private nuisance cause of

---

present case because Loughlin was concerned with the contamination of property that was not open or visible like the sewer line is in this instance.

action, a plaintiff must show that the defendant's conduct was the proximate cause of an unreasonable interference with the plaintiff's use and enjoyment of his or her property." Pestey v. Cushman, 259 Conn. 345, 360, 788 A.2d 496 (2002).  In order to prevail on a claim of nuisance, the Plaintiff must demonstrate that the interference is unreasonable. "Ultimately, the question of reasonableness is whether the interference is beyond that which the plaintiff should bear, under all the circumstances of the particular case, without being compensated."  Id. at 361.

In Pestey, the court listed a number of factors to look at when determining whether an interference is unreasonable.  Among those factors is the nature of the interference and the use and enjoyment that the interference has invaded.  See Id. Here, the Plaintiff argues that the interference is caused by the water and silt that drains onto the property from the roadway.  The Plaintiff, however, never alleges or demonstrates how this alleged interference invades its use and enjoyment of the property.  Moreover, the Plaintiff fails to assert what particular use and enjoyment is effected by the alleged interference.  There is no indication that the water or silt detrimentally affects the Plaintiff's use and enjoyment of the property.  Without such an allegation, the Plaintiff's claim of nuisance must fail as a matter of law.  The Defendant is entitled to judgment in its favor on the Plaintiff's nuisance claim.

9

### E. The Plaintiff's argument that the Defendant is not immune from its trespass claim fails

The Plaintiff argues that the Defendant is not immune from its trespass claim. The Plaintiff improperly cites General Statutes § 52-577n for support of this argument. See Plt. Opp. Mem., pg. 23. Since the General Statutes does not contain a § 52-577n, the Plaintiff's argument resting on said statute fails. However, should the court interpret the Plaintiff's argument to rest on General Statutes § 52-557n, as opposed to § 52-557n, the Defendant argues that the Plaintiff's argument under § 52-557n likewise fails.

General Statutes § 52-557n (a) (1) (c) provides that a municipality is not immune from acts "which constitute the creation or participation in the creation of a nuisance." General Statutes § 52-557n; see Plt. Opp. Mem., pg. 23. The Plaintiff sets forth its trespass claim in Count Five of the Amended Complaint. Count Five does not indicate that it incorporates the Plaintiff's nuisance claim from Count Four. Additionally, even if the nuisance claim were incorporated into the trespass claim, the Plaintiff's argument fails because the nuisance claim is insufficient. See infra Part III.D.

Moreover, the Defendant reasserts its position that it is immune from the claim of trespass because it is an intentional tort. See Def. Mem. pg. 17. The Plaintiff concedes that the Defendant would have had to act intentionally in order to commit a trespass. See Plt. Opp. Mem., pg. 22. As such, pursuant to General Statutes § 52-557n (a) (2)

(A), the Defendant is immune from claims sounding in intentional trespass.  See General Statutes § 52-557n (a) (2) (A) (political subdivision is not liable for "[a]cts or omissions . . . which constitute . . . . wilful misconduct.  Id.).  The Defendant is entitled to judgment in its favor on the Plaintiff's claim for trespass.

### F.  The Defendant is entitled to judgment in its favor on the Plaintiff's negligence claim

The Plaintiff argues that there is a genuine issue of fact regarding whether statute of limitations period has run on its negligence claim.  See Plt. Opp. Mem., pg. 25.  In support of this argument, the Plaintiff cites to General Statutes § 52-584, which, it asserts, provides for a two (2) year statute of limitations period from the date the injury is sustained or discovered through the exercise of reasonable care.  Interestingly, the Plaintiff fails to cite the statute in full, and fails to include the following: ". . . no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."  General Statutes § 52-584.

While the Plaintiff states that it discovered the alleged injuries in 2000, 2001, and 2002, the Plaintiff does not dispute that the injuries occurred prior to 2000.  In fact, the Plaintiff asserts that the alleged unauthorized drainage occurred sometime after 1990 and that the wetlands spoils were accumulated on the property in 1986.  See Plt. Opp.

Mem., pg. 25-6.  Moreover, the Plaintiff does not dispute that the sewer line was installed between 1984 and 1986.  Therefore, any improper placement of the sewer line occurred, at the latest, in 1986.  Clearly, these alleged injuries all took place well before the Plaintiff filed this cause of action in 2001.  As § 52-584 provides, no cause of action may be brought more than three (3) years from the date the injury was sustained.  The Plaintiff, therefore, is barred by the statute of limitations from bringing this negligence claim.

Additionally, even if the court finds that a genuine issue of material fact exists as to the statute of limitations, the Defendant is entitled to immunity from the negligence claim.  As the Defendant argues in its Memorandum in Support of Motion for Summary Judgment, a municipality is immune from common law negligence claims unless there is a statute that abrogates such immunity.  In the Amended Complaint, the Plaintiff fails to indicate that it is bringing its claim of negligence under a specific statute.  Absent such a citation, the Plaintiff cannot bring its common law negligence claim against the Defendant.

Alternatively, if the court finds, as the Plaintiff advocates, that the Plaintiff may proceed on its negligence claim pursuant to § 52-557n, the Plaintiff fails to demonstrate that the Defendant was negligent.  It is well-known that "[t]he essential elements of a

cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994).  Here, the Plaintiff fails to demonstrate the element of causation.  Although the Plaintiff makes broad assertions that the Defendant should know when the injuries occurred since its employees created the injuries, the Plaintiff offers no proof that the Defendant or its employees caused the alleged injuries to the property.  See Plt. Opp. Mem., pg. 26.  Rather, the Plaintiff merely asserts through the affidavit of Jay Black that the Defendant must have created the injuries to the property because no one else would have created the injuries.  See Plt. Exhibit 1, ¶ 20.  This averment, however, does not stand for the proposition that the Defendant caused the injuries.  Without such evidence, the Plaintiff cannot prevail on its negligence claim.  Thus, the Defendant submits there is no genuine issue of material fact indicating that the Defendant or its employees were negligent.

### III.    **CONCLUSION**

For the foregoing reasons, as well as the reasons set forth in the Motion for Summary Judgment and Memorandum of Law in Support of Motion for Summary Judgment, the Defendant, Town of Morris, submits that its Motion for Summary Judgment should be granted.

                                              THE DEFENDANT,
                                              TOWN OF MORRIS

By:_____
  JOSEPHINE A. SPINELLA
  Silvester & Daly
  72 Russ Street
  Hartford, CT 06103
  Tel. (860) 278-2650
  Federal Bar No. CT24009

## **CERTIFICATION**

     I, Josephine A. Spinella, attorney for the Defendant, hereby certify that a copy of the foregoing has been mailed, postage prepaid, in the United States Mail, this 25th day of June, 2004 to:

Kenneth R. Slater, Jr., Esq.
Halloran & Sage, LLP
225 Asylum Avenue
Hartford, CT 06103

By:_____
  JOSEPHINE A. SPINELLA
  Silvester & Daly

nai-prairieland/reply to obj to MSJ.062304