UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PRAIRIELAND, INC.,                    :         CASE NO. 302CV147(CFD)
                                      :
                 Plaintiff            :
                                      :
VS.                                   :
                                      :
                                      :
TOWN OF MORRIS,                       :
                 Defendant            :         JUNE 30, 2004

### PLAINTIFF'S LOCAL RULE 56 (a) 2 STATEMENT

Pursuant to Local Rule 56 (a) 2, the Plaintiff, Prairieland, Inc. ("Prairieland"),

submits its Rule 56 (a) 2 Statement regarding the defendant's motion for summary

judgment.

### I.    RESPONSES TO DEFENDANTS' LOCAL RULE 56 (A) 1 STATEMENT

1.    Admitted.

2.    Admitted.

3.    Admitted.

4.    Admitted.

5.    Admitted.

6.    Although sections of the Morris sanitary sewer system and components of

the system were not completed until 1987, the plaintiff admits that the

construction of the sanitary sewer line on the plaintiff's property was completed during 1986.

7. Admitted.

8. Admitted.

9. Admitted.

10. The plaintiff admits that manhole 34 referenced in the Curtis Smith affidavit is outside of the permanent easement area but denies that manhole 34 is the only manhole located outside of the permanent easement area.

11. Admitted.

12. Admitted.

13. Admitted.

14. The plaintiff admits that manhole 34 is located above the ground and visible, but denies that it had any reason to know that it was located outside of the easement area until its location was surveyed.  The plaintiff denies that all of the manholes located on the plaintiff's property were above-grade and visible.

15. The plaintiff has insufficient knowledge to admit or deny but does not dispute the asserted fact.

16. The plaintiff has insufficient knowledge to admit or deny but does not dispute the asserted fact.

17.     Admitted.

II.      **DISPUTED ISSUES OF MATERIAL FACT**

Prairieland contends that the following issues of disputed fact exist regarding the grounds for the defendant's motion for summary judgment:

1.     Whether Prairieland had knowledge that the sewer line constructed by the Town of Morris (the "Town") was located outside of the easement granted by Mark Depecol prior to the discovery of that fact by its surveyor during the fall and winter of 2000.

2.     Whether Prairieland should have known that the sewer line was constructed outside of the easement area granted to the Town.

3.     Whether employees or agents of the Town deposited approximately 2500 cubic yards of fill containing wetlands soils from the construction of the sanitary sewer line on central portions of the Prairieland property.

4.     Whether Prairieland knew or should have known that the fill was placed on its property prior to the discovery and analysis of the fill during 2002.

5.     Whether the employees or agents of the Town directed stormwater from Little Road onto the Prairieland property by cutting a culvert pipe and by constructing trenches along the northerly shoulder of Little Road.

6.     Whether employees or agents of the Town entered the Prairieland property and constructed a detention pond to collect water diverted from Little Road.

7.      Whether the placement of a cut in the municipal stormwater culvert and

the construction of trenches along the northerly shoulder of Little Road are

methods to manage municipal stormwater in a manner that will cause the

least damage to the Prairieland property as required by Conn. Gen. Stat. §

13a-138.

8.      Whether the diversion of stormwater from the caused unreasonable

interference to the plaintiff's use and enjoyment of its property.

                                        Respectfully submitted,
                                        PRAIRIELAND, INC.


                                        By_____
                                            Kenneth R. Slater, Jr.
                                            Halloran & Sage, LLP
                                            One Goodwin Square
                                            225 Asylum Street
                                            Hartford, CT 06103
                                            Tel. (860) 522-6103
                                            Juris No. 26105

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid, this

30th day of June 2004, to all counsel and pro se parties of record as follows:

Attorney Josephine A. Spinella
Silvester & Daly
72 Russ Street
Hartford, CT  06103
Tel. No.: (860) 278-2650
Fax No.: (860) 727-9243

_____
Kenneth R. Slater, Jr.

566738_1.DOC