UNITED STATES DISTRICT
COURT DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PRAIRIELAND, INC., | : | CASE NO. 302CV147(CFD) |
| Plaintiff | : | |
| VS. | : | |
| TOWN OF MORRIS, | : | |
| Defendant | : | JULY 12, 2004 |

**MEMORANDUM IN OPPOSITION TO
MOTION TO STRIKE CERTAIN PARAGRAPHS FROM
ITS AFFIDAVITS IN OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT**

The plaintiff, Prairieland, Inc., ("Prairieland") hereby submits this Memorandum in Opposition to the Defendant's Motion to Strike Certain Paragraphs in the Affidavit of Jay Black, Exhibit 1 to the Memorandum in Opposition for Summary Judgment by the Town of Morris, and the Affidavit of Bruce Black, Exhibit 3 to the Memorandum in Opposition for Summary Judgment.  In its motion to strike, the Town presents hyper-technical challenges to portions of the affidavit that provide tangential background facts not directly related to the central factual question presented by the defendant's motion for summary judgment - whether the plaintiff knew or should have known of the damage at its property prior to its actual discovery of the damage on its property during 2000, 2001 and 2002.  These statements providing background context to the central allegations of the affidavits are admissible and should not be stricken.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The town contends that paragraphs 20 and 21 of the Black affidavit should be stricken because they violate FED. R. EVID. 1002, otherwise known as the Best Evidence Rule.  See "Memorandum of Law in Support of Motion to Strike Plaintiff's Exhibits ("Defendant's Memo") at 4 and 6.  Specifically, the defendant argues that Jay Black's affidavit seeks to introduce the contents of land records and correspondence between plaintiff's attorney and the defendant.  See id.  Defendant maintains that under the Best Evidence Rule, plaintiff should have (i) attached to its Opposition Memorandum a copy each of the land records reviewed by Black; and (ii) introduce all of the correspondence by the plaintiff's attorney referenced in the affidavit.

Defendant's reliance on the Best Evidence Rule is misplaced.  Black's statements are not an attempt to prove the content of writings.  The rule provides that "[t]o prove the content of a writing, recording, or photograph, the original writing, recording or photograph is required, except as otherwise provided in these rules or by Act of Congress."  FED. R. EVID. 1002.  Application of the rule requires a resolution of the question of whether the contents are sought to be proved.  FED. R. EVID.. 1002 advisory committee's note; *United States v. Finkielstain*, 718 F.Supp. 1187, 1192 (S.D.N.Y. 1989)(Best Evidence Rule requires the production of a document to prove its content when a witness testifies on the issue of what the document contains and does not require production of a document simply because the document contains facts that are also testified to by a witness).

2

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

In addressing the defendant's motion for summary judgment, the plaintiff does not seek to prove the contents of the specific land records nor the contents of correspondence between plaintiff's counsel and defendant. Black's affidavit summarizes his discovery of the stormwater diversion and his subsequent research of town records that revealed flooding of a manhole in the sanitary system located downgradient of the unauthorized stormwater diversion. Unlike a contract, deed, or other writing to where the contents of the document are directly put at issue, Black's testimony summarizes his investigation and does not purport to provide the specific contents of all of the land records he reviewed. He is certainly competent to testify regarding his investigation without producing individual copies of each record reviewed. *Brady v. Chemical Construction Corp.*, 740 F.2d 195 (2d Cir.1984) (investigator permitted to testify regarding results of investigation and factual conclusions drawn from investigation).

Furthermore, Black's statement regarding his review of numerous land records amounts to a summary of those records, an exception to the Best Evidence Rule under FED. R. EVID. 1006. That rule provides in relevant part that "[t]he contents of voluminous writings … which cannot conveniently be examined in court may be presented in the form of a … summary. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at a reasonable time and place. The court may order that they be produced in court." See FED. R. EVID. 1006.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Black is permitted by that rule to give a summary based on his inspection of those records.

Defendant's argument regarding the correspondence between plaintiff's counsel and defendant suffers the same defect. Black references the correspondence generally, but does not seek to testify regarding the specific contents of the correspondence in violation of the Best Evidence Rule. Black does not seek to prove the contents of that writing, but rather references the mere existence of the correspondence to establish that the defendant was put on notice of damage to plaintiff's property as a result of construction of a sewer line outside of defendant's sewer easement and damage caused by road drainage from Little Road. An out of court statement offered not for the truth of the matter asserted, but merely to show that the defendant was on notice, is not hearsay. See *Gardner v. Q.H.S. Inc.*, 448 F.2d 238, 244 (4th Cir.1971); *Webb v. Fuller Brush Co.*, 378 F.2d 500, 502 (3rd Cir.1967); *Emich Motors Corp. v. General Motors Corp.,* 181 F.2d 70, 82 (7th Cir.1950); remanded on other grounds, 340 U.S. 558, 71 S.Ct. 408, 95 L.Ed. 534 (citing *Greater New York Live Poultry, etc. v. U.S.*, 47 F.2d 156, cert. denied 283 U.S. 837, 51 S.Ct. 486, 75 L.Ed. 1448 (1931). Black's statement regarding the fact that correspondence has issued to the town does not violate the letter or spirit of the best evidence rule. FED. R. EVID. 602. Consequently, the motion to strike those paragraphs should be denied.

In addition to the Best Evidence Rule, defendant also argues that paragraphs 20 and 22 of the Jay Black affidavit, and paragraph 9 of the Bruce Black affidavit, contain

4

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

hearsay statements in violation of FED R. EVID. 801(c).  See Defendant's Memo at 3-6. As previously stated, the statements contained in those paragraphs are not offered to prove the content of the writing.  Rather, it is Jay Black's testimony regarding his personal investigation following the discovery of diversion of stormwater onto the Prairieland property.  As such, FED R. EVID. 801(c) is not implicated by the affidavit statement.

The town also wages an attack on Paragraphs 20, 22 and 23 because those paragraphs include conclusions of fact.  In *Brady v. Chemical Construction Corp.*, 740 F.2d 195 (2d Cir.1984), appellants contended that a private investigator should not have been allowed to testify at trial because he purported testified as an expert by testifying regarding his investigation and the factual conclusions he reached from his investigation. The Second Circuit rejected that argument, concluding that the witness did not testify as an expert because he "detailed the facts that he personally had learned during his investigation of *Brady* and the conclusions he had reached.  His conclusions did not require any specialized knowledge and could have been reached by any ordinary person. He thus testified as a lay witness." *Id*. at 200 (emphasis added).

As in *Brady*, the facts set forth in the Black affidavit do not call for expert testimony and simply outline his investigation and the obvious factual conclusions reached based on information he acquired from the investigation.   For example, Black stated that the Town is benefited by the diversion of stormwater from Little Road onto the Prairieland property.  Jay Black is intimately familiar with the Prairieland property

5

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

and the municipal stormwater system near the property. He, like many Morris taxpayers, knows that the town of Morris is required to pay the town of Litchfield a fee based on the volume of wastewater transmitted by the sanitary sewer system. Based on his factual knowledge, Black stated the obvious factual conclusion that the Town of Morris is benefited by diverting stormwater away from a flooding manhole in the sanitary sewer system. Our rules of evidence do not prohibit a fact witness from reaching obvious factual conclusions arising from personal knowledge.

The town also challenges the factual conclusions in those paragraphs on the ground that Jay Black has not been disclosed as an expert. Although Jay Black acquired knowledge regarding the property and the dispute with the Town while he served Prairieland as its civil engineer and surveyor, the statements in his affidavit do not arise from special knowledge or skill requiring expert testimony. The admission of expert testimony is governed by Fed.R.Evid. 702. Under this rule:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

The statements contained in Jay Black's affidavit do not require scientific, technical or specialized knowledge pursuant to that rule.

The town also challenges statement contained in the paragraph 23 that the Town was obligated to restore the property following the construction. Again, that fact is not central to the issues presented for summary judgment but was provided as background

6

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

information that the witness did not expect would be challenged. While Jay Black was not attempting to prove the contents of the deed in making the factual statement regarding restoration, the obligation to restore arises from the deed conveying the easement right to the Town.

The town seeks to strike the portions of both the Jay Black and Bruce Black affidavits regarding the discovery of fill deposits on the Prairieland property. Jay Black, in paragraph 22 of his affidavit, stated that during 2002 a consultant for the town discovered fill piles on the property and demanded that they be analyzed. The paragraph states that an investigation of the piles revealed that the piles contained wetland soils. Finally, the witness states that the fill piles were obviously left from the construction of the sanitary sewer line because that construction was the only constructed that occurred in wetlands area on the site.

Although the content of the fill piles are not at issue in its motion to strike, the Town suggest that those facts must be stricken as hearsay. Since the fact in issue involves the discovery of the fill and not the contents of the fill, Jay and Bruce Black are both competent to testify regarding the circumstances in which they learned about the fill. They do not offer the affidavits to resolve any dispute regarding the actual findings of the town consultant. As representatives of Prairieland in the municipal land use approval process, both Jay and Bruce Black were directly informed of the findings of engineering consulting retained by the town. The manner in which the fill was discovered and disclosed to Prairieland, to which the affiants have direct personal

7

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

knowledge, is the reason for the factual assertions regarding the Town's consultant. The affidavit does not purport to offer the details of the report by the Town's consultant by way of hearsay statements and does not attempt to place the details of the consultant's findings into controversy.     Paragraph 22 simply a recitation of the facts that occurred during the municipal land use approval process.

     The same arguments undercut defendant's challenge as hearsay to Paragraph 9 of the Bruce Black affidavit.  The statements contained therein are not offered to prove the truth of the matter, i.e. whether the fill contained wetlands soils, but instead outline the facts pertaining to Prairieland's discovery of the fill and the contents of the fill by the consultant for the town.   Bruce Black's statement in paragraph 9 relates to the date in which he and Prairieland first learned about the fill deposits on the property.    The Bruce Black affidavit is not offered to attempt to prove the content of the town consultant's report or actually prove the content of the fill.    Bruce Black is competent to testify regarding the factual context where he learned about the fill deposits on the property.    Defendant's request that Paragraph 9 of the affidavit be stricken should be denied.

8

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## **CONCLUSION**

For the foregoing reasons, the motion to strike portions of the Black affidavits should be denied.

                                  RESPECTFULLY SUBMITTED,
                                  PRAIRIELAND, INC.

                                  By_____
                                      Kenneth R. Slater, Jr.
                                      Halloran & Sage, LLP
                                      One Goodwin Square
                                      225 Asylum Street
                                       Hartford, CT 06103
                                      Tel. (860) 522-6103
                                      Juris No. 26105

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 12th day of July 2004, to all counsel and pro se parties of record as follows:

Attorney Josephine A. Spinella
Silvester & Daly
72 Russ Street
Hartford, CT  06103
Tel. No.: (860) 278-2650
Fax No.: (860) 727-9243

                                                Kenneth R. Slater, Jr.

570159_1.DOC

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105