**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

PRAIRIELAND, INC.                  :              CASE NO. 302CV147(CFD)
        PLAINTIFF          :
                             :
v.                                      :
                             :
TOWN OF MORRIS               :
        DEFENDANT          :              JULY 15, 2004

### DEFENDANT'S OBJECTION TO PLAINTIFF'S LOCAL RULE 56 (A) 2 STATEMENT AND MOTION FOR SANCTIONS

**I.      INTRODUCTION**

The Defendant, Town of Morris, hereby submits this Objection to Plaintiff's Local

Rule 56 (a) 2 Statement and Motion for Sanctions and requests that the court enter

sanctions against the Plaintiff for failure to comply with Local Rule 56.  Specifically, the

Defendant requests that the court grant its Motion for Summary Judgment due to the

Plaintiff's failure to comply with Local Rule 56.

**II.     FACTS**

The Defendant submits that it filed a Motion for Summary Judgment and

corresponding Memorandum of Law on April 14, 2004.  In response to the Motion for

Summary Judgment, the Plaintiff, Prairieland, Inc., filed a Memorandum in Opposition,

dated June 14, 2004.  The Plaintiff failed to attach a Local Rule 56 (a) 2 Statement to its Opposition.

The Defendant filed a Reply to the Plaintiff's Opposition, dated June 25, 2004.  In the Reply, the Defendant argued that the court should grant its Motion for Summary Judgment because the Plaintiff failed to comply with Local Rule 56.  In response, the Plaintiff filed a Motion for Leave to File Local Rule 56 (a) 2 Statement and a Local Rule 56 (a) 2 Statement.  The court granted the Plaintiff's Motion for Leave to File Local Rule 56 (a) 2 Statement.

The Defendant now objects to portions of the Plaintiff's Local Rule 56 (a) 2 Statement and requests that the court enter sanctions against the Plaintiff for its failure to comply with Local Rule 56.

## III.   LAW AND ARGUMENT

### The Plaintiff's Local Rule 56 (a) 2 Statement is Insufficient because the Plaintiff Fails to Cite to Any Support for its Denials of the Defendant's Facts

Pursuant to Local Rule 56 (a) 2, the party opposing a motion for summary judgment must include in its opposition:

> a document entitled 'Local Rule 56 (a) 2 Statement,' which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 56 (a) 1 Statement whether each of the facts asserted by the moving is admitted or denied.  The Local Rule 56 (a) 2 Statement must also include in a separate section entitled 'Disputed Issues of Material Fact' a list of

each issues of material fact as to which it is contended there is a genuine issue to be tried. L. Civ. R. 56 (a) 2.

Local Rule 56 (a) 3 further provides that "each denial in an opponent's Local Rule 56 (a) 2 Statement, *must* be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence tat would be admissible at trial."  (Emphasis added.)  L. Civ. R. 56 (a) 3.

Failure to comply with Local Rule 56 may result in "sanctions, including . . . when the opponent fails to comply, an order granting the motion."  Local Rule 56 (a) 3; see also Moazed v. First Union Mortgage Corporation, District Court, No. 3:02 CV 91 (EBB) (May 7, 2004, *Burns, J.*) (granting motion for summary judgment where opposing party did not comply with Local Rule 56 and failed to submit a Local Rule 56 Statement).  In accordance with Local Rule 56, the court may also deem all the facts submitted by the moving party to be admitted by the opposing party.  See Coger v. Connecticut, 309 F. Sup. 2d 274, 278 (D. Conn. 2004).

In this instance, the Plaintiff filed a Local Rule 56 (a) 2 Statement, dated June 30, 2004, after it filed its Opposition to Motion for Summary Judgment, dated June 14, 2004.  Plaintiff's counsel acknowledges in its Motion for Leave to File Local Rule 56 (a) 2 Statement that he "was unaware of that requirement and overlooked the section of the local rule requiring the party opposing a motion for summary judgment to file its own

statement." See Plt. Motion for Leave, dated June 30, 2004, pg. 1. Plaintiff's counsel prepared a Local Rule 56 (a) 2 Statement out of time and presumably read and understood the local rule. However, the Plaintiff is still not in compliance with Local Rule 56.

The Plaintiff denies certain paragraphs that are contained in the Defendant's Local Rule 56 (a) 1 Statement. Specifically, the Plaintiff denies the factual assertions contained in paragraphs 6, 10 and 14. In denying these factual assertions, however, the Plaintiff fails to cite to an affidavit or evidence that would be admissible at trial to support its denials. See L. Civ. R. 56. The Plaintiff, therefore, has failed to comply with Local Rule 56.

Consequently, in accordance with Local Rule 56 (a) (3), the Defendant now requests that the court sanction the Plaintiff for its failure to comply with the rule. Specifically, the Defendant submits that the court should grant its Motion for Summary Judgment.

## IV.    <u>CONCLUSION</u>

Based on the foregoing reasons, the Defendant, Town of Morris, requests that the court grant its Objection to Plaintiff's Local Rule 56 (a) 2 Statement and enter sanctions against the Plaintiff granting the Defendant's Motion for Summary Judgment.

THE DEFENDANT,
TOWN OF MORRIS


By:_____
    JOSEPHINE A. SPINELLA
    Silvester & Daly
    72 Russ Street
    Hartford, CT 06103
    Tel. (860) 278-2650
    Federal Bar No. CT24009


## CERTIFICATION

I, Josephine A. Spinella, attorney for the Defendant, hereby certify that a copy of the foregoing has been mailed, postage prepaid, in the United States Mail, this 15th day of July, 2004 to:


Kenneth R. Slater, Jr., Esq.
Halloran & Sage, LLP
225 Asylum Avenue
Hartford, CT 06103


By:_____
    JOSEPHINE A. SPINELLA
    Silvester & Daly

nai-prairieland/obj to rule 56 statement.071404