UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PRAIRIELAND, INC., | : | CASE NO. 302CV147(CFD) |
|     Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| TOWN OF MORRIS, | : | |
|     Defendant | : | AUGUST 6, 2004 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S OBJECTION TO PLAINTIFF'S
LOCAL RULE 56(A) 2 STATEMENT AND MOTION FOR SANCTIONS**

**I.    OVERVIEW**

The plaintiff, Prairieland, Inc., hereby submits its Memorandum in Opposition to the July 15, 2004 Objection to Plaintiff's Local Rule 56(a) 2 Statement and Motion for Sanctions filed by the defendant, Town of Morris ("Town"), whereby the Town requests that the Court grant its motion for summary judgment, without considering the merits, as a sanction for the plaintiff's addition of clarifying language in three of the seventeen paragraphs in its Rule 56(a)(2) statement without citing evidentiary support for the clarifying statements.  As set forth below, the motion should be denied because no evidentiary reference is required by Rule 56 because the plaintiff admitted each of the facts alleged in the Town's Rule 56 Statement and because the clarifying statements do not allege material facts regarding the pending motion for summary judgment. Furthermore, although evidentiary reference is not required for such immaterial facts added by the plaintiff to its responses to paragraphs 6, 10 and 14, the plaintiff submits herewith an affidavit of Jay Black to demonstrate the existence of evidentiary support of those facts.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## II. **FACTS**

As set forth in the plaintiff's Memorandum in Opposition to the Town's Motion for Summary Judgment, the issues of disputed fact and law precluding summary judgment pertain to whether the plaintiff should be imputed with knowledge of damage to its property before its actual discovery of the damage during 2000, 2001 and 2002. The plaintiff submitted an affidavit in support of its Objection to the Motion for Summary Judgment.

Although it initially failed to present a Local Rule 56(a)(2) in response to the Town's Rule 56(a)(1)(2) Statement, a statement was promptly filed and accepted by the Court after that issue was raised by the defendant. The plaintiff's Rule 56(a)(2) statement admits each of the facts asserted by the defendant's Rule 56(a)(1) Statement. In the spirit of full disclosure and to avoid a claim that a simple admission of the statements in paragraphs 6, 10 and 14 may later be viewed as misleading at trial, the plaintiff's Rule 56 Statement admitted the fact asserted by the Town but added clarifying language. The clarifying language does not allege any fact material to the Court's determination of the issues of summary judgment. Since the facts asserted by the Town in support of its motion were admitted and the clarifying language of paragraphs 6, 10 and 14 did not allege any facts material to the motion for summary judgment, the plaintiff did not cite any affidavit or evidence which would have been required by Rule 56 if it denied any of the facts alleged in the Town's statement.

In paragraph 6, the plaintiff admits that the construction of the sewer line on the plaintiff's property was completed during 1986. Since a simple admission could be construed as an admission that the entire sewer line was completed by 1986 when the

2

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

plaintiff expects that the evidence of trial will show that portions of the system construed off-site were completed in 1987, a clarifying clause was added to note that off-site sections of the sanitary sewer system were not completed until 1987. Since the clause regarding the completion of the sewer system off of the site is not in any way material to the summary judgment issue before the Court, no affidavit or evidence was presented in support of that clause.

In paragraph 10, the plaintiff admits that the manhole referenced in the Town's Rule 56 Statement is located outside of the permanent easement area. Again, in the spirit of full disclosure and to avoid the possibility that a simple admission of that paragraph would be construed too broadly, paragraph 10 goes on to state that the manhole referenced in the Town's Rule 56 Statement is not the only manhole located outside of the permanent easement. Since the plaintiff admits that the manhole referenced by the Town is outside of the permanent easement, the existence of other manholes outside of the area is not material to the issue before the Court on summary judgment. For that reason, no additional affidavit or reference to evidence regarding that immaterial fact was included with the Rule 56 Statement.

Finally, the plaintiff admits the facts alleged in paragraph 14 of the Town's Rule 56 Statement that the manhole referenced in the Town's statement was visible above the ground. Again, in the spirit of full disclosure, although the plaintiff admitted the asserted fact, it added a clause that the plaintiff does not admit that all of the manholes located outside of the easement area were visible above the ground. Again, since the only alleged fact from paragraph 14 of the defendant's Rule 56 was admitted, the plaintiff did not provide an additional affidavit regarding the additional clarifying

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

statement regarding other manholes not specifically referenced in paragraph 14 of the plaintiff's Rule 56 Statement.[1]  Since the visibility of the manhole alleged by the Town was admitted, the existence of additional manholes, and whether additional manholes are visible, are not material facts at issue in the Town's motion for summary judgment motion.

### III. ARGUMENT

Rule 56 requires that any denial of material fact by a movement must be followed by a citation to an affidavit by a competent witness to that fact or evidence admissibility at trial.  Since the plaintiff admits literally every fact alleged in the Town's Rule 56 Statement, it is not required to provide citations to affidavits of evidence which would be required if it denied any of the facts alleged by the Town.  As a result, the plaintiff's statement complies fully with the letter and spirit of Rule 56.  Although those facts were admitted, disputed issues exist relating to whether the plaintiff should be imputed with knowledge regarding damage to its property relating to the Town's statutes of limitations defenses and its claim of adverse possession.  *See* Memorandum in Opposition to Motion for Summary Judgment and supporting affidavits.

Although the defendant admitted each of the Town's asserted facts in its Rule 56(a)(1) motion, it added clarifying statements regarding facts immaterial to the motion so that its admission would not be misinterpreted to preclude proof of related facts at trial.  The defendant ignores the plain language and purpose of Local Rule 56 by asking the Court to impose the harsh sanction of granting its Motion for Summary

---

[1] The plaintiff also added clarifying language that its admission of the fact is not an admission that it knew the manhole was outside of the easement area. Since that legal assertion is not a denial of any fact alleged by the defendant, no citation to evidence was provided. However, that allegation is supported by Paragraphs 15 and 16 of the June 14, 2004 affidavit of Jay Black and Paragraph 7 of the June 14, 2004 affidavit of Bruce Black.

4

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Judgment regardless of its merit on the picayune ground that the plaintiff did not reference evidentiary support regarding the clarifying statements not in any way central to the summary judgment issues before the court.  If any sanctions should be issued, it should be upon the defendant for wasting the Court's time with such frivolous basis for the imposition of the sanction of summarily dismissing the plaintiff's causes of action.

Although Rule 56 does not require a reference to evidence support to the immaterial clarifying language of paragraphs 6, 10 and 14 that are not denials of any fact alleged by the Town, it submits herewith an affidavit of Jay Black that provides an evidentiary basis for the clarifying clauses in each of those paragraphs. The plaintiff requests that the Town's motion be denied and the summary judgment motion be considered on the merits.

THE PLAINTIFF,
PRAIRIELAND, INC.


By /s/ _____
Kenneth R. Slater, Jr.
HALLORAN & SAGE LLP
Fed. Bar #ct09451
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## **CERTIFICATION**

      This is to certify that a copy of the foregoing, was mailed, postage prepaid, to all counsel and pro se parties of record on this 6th day of August 2004:

Josephine A. Spinella, Esq.
Silvester & Daly
72 Russ Street
Hartford, CT  06103

                                                          /s/
                                       Kenneth R. Slater, Jr.

578673_1.DOC

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105