UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PRAIRIELAND, INC.<br>Plaintiff | : | CASE NO. 302CV147 (CFD) |
| v. | : | |
| TOWN OF MORRIS<br>Defendant | : | NOVEMBER 17, 2006 |

**JOINT TRIAL MEMORANDUM**

Pursuant to the Trial Memorandum Order (Non-Jury Cases), dated September 14, 2006 ("Order"), and the Standing Order Regarding Trial Memoranda in Civil Cases ("Standing Order") set forth in the Appendix to the Local Rules of Civil Procedure for the District of Connecticut, the parties hereby submit their Joint Trial Memorandum.

1. **Trial Counsel**

**For the Plaintiff**:

Kenneth R. Slater, Jr., Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Avenue
Hartford, CT 06103
(860) 297-4622

**For the Defendant**:

Frank J. Szilagyi, Esq.
William M. Tierney, Esq.

Silvester & Daly
118 Oak Street
Hartford, CT 06106
(860) 278-2650

**2. Jurisdiction**

The court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as the claims asserted by the Plaintiff arise under the Fifth and Fourteenth Amendments to the United States Constitution. Further, the court has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1441(a).

**3. Jury/Non-jury**

This matter will be tried to the court.

**4. Nature of Case**

This matter arises out of damages that the Plaintiff, Prairieland, Inc., claims it sustained as result of the Defendant Town of Morris' construction of a sewer on its property on an area outside of the location of a sewer easement previously granted to the Town and its discharge of significant stormwater onto the Plaintiff's property. This matter was initially filed in state court but was removed to this court by the Defendant.

By the First Count of the Plaintiff's Second Amended Complaint ("Complaint"), the Plaintiff alleges a violation of the Fifth and Fourteenth Amendment Amendments of the United States Constitution and Article I, Section 11 of the Connecticut Constitution

based upon improper taking of private property without just compensation. The Second Count of the Complaint seeks to quiet title against the Town regarding the area where the sewer is actually located.

In addition to claims relating to the sewer, the Plaintiff also seeks remedies associated with stormwater discharge to the Plaintiff's property. Besides maintaining a substandard system, the Complaint alleges that the Town deliberately directed stormwater to the Plaintiff's property which significantly deprived the Plaintiff of use and enjoyment and value of the property. The Third Count of the Complaint alleges that the Town is liable for causing unreasonable drainage to the Plaintiff's property in violation of Conn. Gen. Stat. § 13a-138. The Fourth Count of the Complaint alleges that the discharge of stormwater and siltation by the Town onto Plaintiff's property constitutes a nuisance. The Fifth Count of the Complaint alleges that the Town's actions in causing the placement of water and siltation onto the Plaintiff's property and the placement of construction spoils on the Plaintiff's property constitute a trespass. The Sixth Count of the Complaint alleges that the Defendant is liable for negligence.

The Complaint requests injunctive relief ordering the Defendant to: (1) restrain from entering or occupying any portion of Plaintiff's property except as authorized by that easement in favor of the Town; (2) restore the damage caused to the Plaintiff's


SILVESTER & DALY
118 OAK STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

property by drainage from a public highway adjoining the property known as Little Road; and (3) restore the damage caused to Plaintiff's property from the installation of a certain sanitary sewer system. The Complaint also seeks a judgment determining the rights of the parties in or to the land and settling title thereto, as well as compensatory damages.

**5. <u>Stipulations of Fact and Law</u>**

**Stipulations of Fact:**

1. The Plaintiff, Praireland, Inc., is a corporation organized under the laws of the State of Connecticut and the owner of a 30-acre parcel of real property in the Town of Morris known as 255 Bantam Lake Road (the "Property"), which it acquired on September 30, 1985.

2. The Plaintiff became the owner of the Property through a quitclaim deed, which was signed on October 7, 1985, and recorded on October 9, 1985.

3. On or about August 18, 2004, a predecessor in title to the Property, Mark Depecol, conveyed two easements to the Town of Morris authorizing it to install a sanitary sewer line across a portion of the Property.

4. The sewer easements were conveyed by quit claim deeds recorded on August 18, 1084 in Volume 44, Pages 188 and 189 of the Town's land records, and



SILVESTER & DALY
118 OAK STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

delineated on a map entitled. "Sanitary Sewer Easements to be conveyed to the Town of Morris, Morris, Connecticut by Mark A. De Pecol et al.," Sheets 6 of 12 and 7 of 12 (April 1984).

5. The Defendant, Town of Morris, is a municipal corporation organized under the laws of the State of Connecticut.

6. The construction of the sanitary sewer system was completed in 1986.

7. While authorized to construct the sewer line within the area delineated by the easements, the Town and/or its agents or employees constructed portions of the sewer line on other areas of the Plaintiff's property.

**Stipulations of Law:**

None

## 6. Plaintiff's Contentions

1. The Plaintiff is the owner of the 30-acre parcel of real property in the Town known as 255 Bantam Lake Road, having acquired such property in the fall of 1985.

2. On or about August 18, 1984, a predecessor in interest, Mark Depecol, conveyed easements to the Town authorizing it to install a sanitary sewer line across a portion of the Plaintiff's property.



SILVESTER & DALY
118 OAK STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

3. In 1987, the Town and/or its agents or employees installed a sanitary sewer line across the Plaintiff's property.

4. Although the Town was authorized to construct the sewer line within the area delineated by the easement, the Town and/or its agents or employees constructed portions of the sewer line on other areas of the Plaintiff's property.

5. In implementing the construction of the sanitary sewer line, the Town and/or its agents or employees deposited more than 2,500 cubic yards of spoils from the construction of the sewer line onto the Plaintiff's property.

6. The construction spoils include inferior wetland soils that have commingled with road quality gravel previously deposited on the Plaintiff's property.

7. Wetland soils are not permitted to be utilized for roadbed due to their physical make-up and well-accepted engineering practices, and, when combined with suitable road quality gravel, render the mixed soil unsuitable for use as a roadbed material.

8. Following construction of the sanitary sewer line, the Town and/or its agents or employees cut an opening in an existing culvert along a public highway adjoining the Plaintiff's property known as "Little Road," causing the culvert to drain directly onto the Plaintiff's property.


SILVESTER & DALY
118 OAK STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

9. After construction of the sanitary sewer line, the Town and/or its agents or employees entered the Plaintiff's property and constructed a pond to receive water drainage from Little Road.

10. Following the construction of the sanitary sewer line, the Town and/or its agents or employees created modifications along the northerly road shoulder of Little Road causing additional drainage to be diverted onto the Plaintiff's property.

11. The placement of spoils and discharge of stormwater and silt render a portion of the Plaintiff's otherwise developable property useless.

12. The Plaintiff has suffered damages as a result of the actions by the Town and/or its agents or employees including limited use and/or development of the Plaintiff's property.

**7. <u>Defendant's Contentions</u>**

In the Second Amended Complaint, dated January 15, 2003, the Plaintiff, Prairieland, Inc., sets forth legal claims for improper taking without just compensation, quiet title, unreasonable drainage pursuant to Connecticut General Statutes § 13a-138, nuisance, trespass and negligence.

**a. Improper taking without just compensation**


SILVESTER & DALY
118 OAK STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

The Defendant contends that the Plaintiff's Fifth Amendment claim is not ripe and that the statute of limitations, pursuant to Conn. Gen. Stat. § 52-577, has run on such claim. Further, the Defendant claims that it has a prescriptive easement as to the sewer line in question, and that Plaintiff's takings claim based on drainage given that there is no genuine issue of material fact that the Defendant did not cause the claimed culvert break and had no knowledge of the break's existence until this suit was initiated.

**b. Quiet Title**

The Defendant claims that Plaintiff's quiet title claim fails because it has rights to the land through the doctrines of prescriptive easement and adverse possession.

**c. Unreasonable drainage pursuant to Connecticut General Statutes § 13a-138**

The Defendant claims that Plaintiff's claim under Conn. Gen. Stat. § 13a-138 fails because there is no genuine issue of fact that the Defendant did not cause the culvert break that underlies Plaintiff's claim.

**d. Nuisance**

The Defendant claims that Plaintiff has failed to properly state a nuisance claim and that it is, therefore, entitled to judgment in its favor on this count.

**e. Trespass**


SILVESTER & DALY
118 OAK STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

The Defendant claims that Plaintiff's trespass claim is barred by the doctrine of governmental immunity pursuant to Conn. Gen. Stat. § 52-557n.

**f. Negligence**

The Defendant claims that Plaintiff's negligence claim is barred by the doctrine of governmental immunity pursuant to Conn. Gen. Stat. § 52-557n, and further claims that the negligence claim is barred by the application of the statute of limitations contained in Conn. Gen. Stat. § 52-584.

**8. <u>Legal Issues</u>**

1. Whether the installation of sewer lines on portions of the Plaintiff's property not subject to the easement in favor of the Town constitute an improper taking of private property without just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 11 of the Connecticut Constitution.

2. Whether the diversion of water and silt from Little Road onto the Plaintiff's property has deprived the Plaintiff of the use and enjoyment of a portion of the Plaintiff's property thereby constituting an improper taking of private property without just compensation and violation of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 11 of the Connecticut Constitution.



SILVESTER & DALY
118 OAK STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

3. Whether the Plaintiff is the absolute owner in possession of the Plaintiff's property subject to an easement conveyed to the Town on or about August 18, 1984.

4. Whether the Town may claim estates or interests in the land or parts thereof outside the area delineated by easement conveyed to the Town on or about August 18, 1984 which are adverse to the title of the Plaintiff.

5. Whether the actions of the Town in diverting road drainage from Little Road onto the Plaintiff's property results in unreasonable drainage to the Plaintiff's property and is not done in a manner to do the least damage to the land as mandated under Conn. Gen. Stat. § 13a-138.

6. Whether the discharge of stormwater and siltation by the Town onto the Plaintiff's property is unreasonable and unlawful and constitutes a nuisance.

7. Whether the Town's actions in causing the placement of water and siltation onto the Plaintiff's property and the placement of construction spoils onto the Plaintiff's property cause an evasion upon the Plaintiff's exclusive possessory interest to the property and constitute a trespass.

8. Whether the Town was negligent with respect to the following: (i) refraining from collecting and discharging unreasonable road drainage from Little Road to the Plaintiff's property; (ii) designing and implementing a road drainage system along


SILVESTER & DALY
118 OAK STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

Little Road in accordance with reasonable care and accepted engineering practices; (iii) constructing the sanitary sewer system within the easement the Town acquired in 1984; (iv) regarding and restoring the Plaintiff's property and refraining from depositing spoil materials from the construction onto the Plaintiff's property.

9. Whether Plaintiff's claims are barred by Conn. Gen. Stat. § 52-557n.

10. Whether Plaintiff's takings claim is barred by the applicable statute of limitations.

11. Whether Plaintiff's negligence claim is barred by the applicable statute of limitations.

12. Whether the Plaintiff is entitled to damages, and, if so, how much, as a result of actions by the Town and/or its agents or employees.

**9. Voir Dire Questions**

As this is not a jury trial, this section is inapplicable.

**10. List of Witnesses**

**For the Plaintiff:**

1. Jay I. Black, P.E.
   Jay I. Black Associates, Inc.
   822 N. Greenbrier Drive
   Orange, CT 06477

Jay I. Black, P.E. is expected to testify concerning the location of the municipal sewer line and construction spoils on the Plaintiff's property as compared to the location and scope of the easement on the property granted to the Defendant, the location and extent of modifications to the stormwater system on Little Road in the Town of Morris and related impacts upon the Plaintiff's property caused by alteration of the stormwater system. He is expected to testify that certain portions of the sewer line were placed outside of easement granted to the Town. He is expected to testify that more than 2,500 cubic yards of spoils were deposited outside of the sewer easement area, thereby hindering or preventing the use of certain portions of the Plaintiff's property as road quality gravel. He is also expected to testify that the cutting of a certain culvert and modifications to the northerly shoulder of Little Road has resulted in an uncontrolled and unmitigated form of storm water runoff and sedimentation onto the Plaintiff's property. Finally, Mr. Black is expected to testify that the construction of a certain pond or wetland area has hindered or prevented the use of Plaintiff's property.

The data and information considered by Mr. Black is set forth in his report, which report has been identified as an exhibit in ¶ 11, below. By way of



SILVESTER & DALY
118 OAK STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

summary, but not by way of limitation, Mr. Black also considered the following: (i) on-site survey and review of the Plaintiff's property and adjoining road; (ii) data and prepared maps of the Plaintiff's property; and (iii) sewer easements granted to the Town.

Mr. Black has continuously been a licensed professional engineer and licensed land surveyor in the State of Connecticut since 1966 and 1970, respectively. Mr. Black is a former principle of Prairieland, Inc.

2. Bruce Black
64 Arch Street
Hamden, Connecticut 06514

Bruce Black is expected to testify concerning the location of the municipal sewer line and construction spoils on the Plaintiff's property as compared to the location and scope of the easement on the property granted to the Defendant, the location and extent of modifications to the stormwater system on Little Road in the Town of Morris and related impacts upon the Plaintiff's property caused by alteration of the stormwater system. He is expected to testify that certain portions of the sewer line were placed outside of easement granted to the Town. He is expected to testify that more than 2,500 cubic yards of spoils were deposited outside of the sewer easement area, thereby hindering or preventing


SILVESTER & DALY
118 OAK STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

the use of certain portions of the Plaintiff's property as road quality gravel. He is also expected to testify that the cutting of a certain culvert and modifications to the northerly shoulder of Little Road has resulted in an uncontrolled and unmitigated form of storm water runoff and sedimentation onto the Plaintiff's property. Finally, Mr. Black is expected to testify that the construction of a certain pond or wetland area has hindered or prevented the use of Plaintiff's property.

*** The Plaintiff reserves its right to call the Defendant's designated representative(s) and/or employees or agents of the Town of Morris Public Works Department.

*** The Plaintiff reserves its right to supplement its witness list prior to trial.

**For the Defendant:**

1. Michael Doyle, 3 East Street, Morris, Connecticut, 06763. Mr. Doyle is expected to testify regarding the Defendant's installation and completion of the sewer line at issue in this case. Mr. Doyle has served on various boards and commissions for the Town of Morris since approximately 1984.

2. Curt Smith, Smith and Company, 247 Main Street South, Woodbury, Connecticut. Mr. Smith is expected to offer expert testimony regarding the


SILVESTER & DALY
118 OAK STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

sewer line as it relates to the easement granted to the Defendant. Specifically, Mr. Smith is expected to testify that the sewer line is approximately 665 feet over the easement. His opinion is based on his survey and inspection of the property, and he intends to rely on property maps he reviewed and prepared.

3. Charles Roraback, Esq., P.O. Box 295, Torrington, Connecticut. Mr. Roraback is expected to testify as to his knowledge regarding the Plaintiff's plans to develop the subject property, including all applications for such development submitted to the Defendant by the Plaintiff. Mr. Roraback is the town attorney for the Defendant.

4. Alan Schoenbach, 3 East Street, Morris, Connecticut. Mr. Schoenbach is expected to testify regarding his knowledge of the construction of the sanitary sewer line on Plaintiff's property. Mr. Schoenbach is a former official and has served on various boards and commissions of the Town of Morris.

5. John Allyn, 3 East Street, Morris, Connecticut. Mr. Allyn is/was an employee of the Defendant and is expected to testify regarding his knowledge of the condition of Plaintiff's property.

*** The Defendant reserves its right to supplement its witness list prior to trial.


SILVESTER & DALY
118 OAK STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

## 11. Exhibits

**For the Plaintiff:**

P1. Quit Claim Deed, Volume 45, Page 694 of Town of Morris Land Records (signed Oct. 7, 1985; recorded Oct. 9, 1985).

P2. Quit Claim Deed, Volume 44, Page 188 of Town of Morris Land Records (Aug. 18, 1984).

P3. Quit Claim Deed, Volume 44, Page 189 of Town of Morris Land Records (Aug. 18, 1984).

P4. Blueprint Survey Map entitled, "Sanitary Sewer Easements to be Conveyed to the Town of Morris, Morris, Connecticut by Mark A. De Pecol et al.," Sheet 6 of 12 (April 1984).

P5. Blueprint Survey Map entitled, "Sanitary Sewer Easements to be Conveyed to the Town of Morris, Morris, Connecticut by Mark A. De Pecol et al.," Sheet 7 of 12 (April 1984).

P6. Survey Map entitled, "Depecol Subdivision Record Plan Overall View Stoddard Road – Morris, Connecticut," Sheet 2 of 3 (April 5, 1982; rev. April 29, 1982 & May 6, 1982).


SILVESTER & DALY
118 OAK STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

P7. Subdivision Map entitled, "Final Subdivision Plan Map Prepared for Richard A. Hull Route 209 Morris, Connecticut," Sheet 1 of 1 (May 1985).

P8. Moeller Soil Survey Report.

P9. Partial Survey entitled, "Property of Prairieland, Inc. Morris Connecticut" (June 15, 2001).

P10. Map entitled, "Connecticut State Highway Department Right of Way Map Town of Morris Bantam Lake Road From the Litchfield Town Line to the South End of Bantam Lake Route No. 310," Sheet No. 3 of 4 (Feb. 26, 1927).

P11. Report by Jay I. Black, P.E.

P12. As-built plan of Plaintiff's property.

P13. Maps and surveys of Plaintiff's peroperty.

P14. Exhibits marked at deposition of Jay Black.

*** The Plaintiff reserves the right to supplement its exhibit list prior to trial.

**For the Defendant:**

D1. Quit claim deed dated October 7, 1985

D2. Quit claim deed dated August 18, 1984

D3. Quit claim deed dated August 18, 1984

D4. Survey maps prepared by Curt Smith, dated 11/24/03



SILVESTER & DALY
118 OAK STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

D5. Copies of Plaintiff's various applications for approval to subdivide and/or build on the subject property.

D6. Map entitled "Sheet 6 of 12- Sanitary Sewer Easements to be Conveyed to Town of Morris, Morris, Connecticut" dated April, 1984 and prepared by William A. Berglund, RLS.

D7. Map entitled "Sheet 7 of 12- Sanitary Sewer Easements to be Conveyed to Town of Morris, Morris, Connecticut" dated April, 1984 and prepared by William A. Berglund, RLS.

D8. Map entitled "Sheet 6 of 12- Sanitary Sewer Easements to be Conveyed to Town of Morris, Morris, Connecticut" dated April, 1984 and prepared by William A. Berglund, RLS and recorded in the land records as Map 7-274.

D9. Map entitled "Sheet 7 of 12- Sanitary Sewer Easements to be Conveyed to Town of Morris, Morris, Connecticut" dated April, 1984 and prepared by William A. Berglund, RLS and recorded in the land records as Map 7-275.

D10. Maps prepared by the Plaintiff and marked as exhibits at deposition of Jay Black.

*** The Defendant reserves the right to supplement its exhibit list prior to trial.

**12. <u>Deposition Testimony</u>**



SILVESTER & DALY
118 OAK STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

Neither party expects to offer any witnesses who will testify via deposition testimony.

13. **Requests for Jury Instructions**

As this is not a jury trial, this section is inapplicable.

14. **Anticipated Evidentiary Problems**

The Plaintiff does not anticipate any evidentiary problems.

The Defendant anticipates that there may be a problem with the Plaintiff's purported Expert Disclosure that could result in a Motion in Limine/Motion to Preclude.

15. **Proposed Findings and Conclusions**

Pursuant to the court's order, proposed findings and conclusions are not sue until thirty (30) days after the trial transcript becomes available.

16. **Trial Time**

The parties estimate that the trial will take approximately four (4) to five (5) days.

17. **Further Proceedings**

There are no further proceedings contemplated by the parties.

18. **Election for Trial by Magistrate**

The parties have not agreed to a trial by a United States Magistrate.



SILVESTER & DALY
118 OAK STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

Respectfully submitted by:

THE DEFENDANT,
TOWN OF MORRIS

By :/s/ William M. Tierney
WILLIAM M. TIERNEY
FRANK J. SZILAGYI
Silvester & Daly
118 Oak Street
Hartford, CT 06103
Tel. (860) 278-2650
Federal Bar No. CT07859

THE PLAINTIFF,
PRAIRIELAND, INC.

By: /s/ Kenneth R. Slater, Jr.
KENNETH R. SLATER, JR.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tel. (860) 522-6103
Federal Bar No. CT09451